UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMINGTON TRUST COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, et al.,<br><br>Defendants. | CASE NO. C20-0402-RSM-MAT<br><br>ORDER RE: PLAINTIFFS' MOTION FOR ORDER DIRECTING LIMITED EARLY DISCOVERY |

INTRODUCTION

Plaintiffs Wilmington Trust Company, F & L Aviation IV, LLC, and Brilliant Aviation Limited filed a Motion for Order Directing Limited Early Discovery. (Dkt. 25.) Defendants The Boeing Company and Boeing Commercial Airlines (hereinafter collectively "Boeing") oppose the motion. (Dkt. 29.) The Court, for the reasons set forth below, DENIES the motion for early discovery.

BACKGROUND

Plaintiffs filed this action in King County Superior Court on February 13, 2020, alleging Boeing sold them defective 737 MAX aircraft. (Dkt. 1-1.) They served their First Requests for

ORDER RE: EARLY DISCOVERY
PAGE - 1

Production to Defendants on March 4, 2020, seeking documents produced in other litigation and government investigations relating to the 737 MAX.  (*See* Dkt. 26 (Decl. of David M. Schoeggl), Ex. A.)  Boeing removed the case to this Court based on diversity jurisdiction on March 13, 2020 and served plaintiffs with preliminary objections asserting state court discovery was void upon the removal (*id*., Ex. B).  Plaintiffs moved to remand the case back to state court (Dkt. 17), with the parties having earlier agreed Boeing would not have to answer or otherwise respond to the Complaint until after the Court's ruling on the motion to remand (Dkt. 11).

The Court, on April 13, 2020, entered an Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, setting a July 13, 2020 deadline for the parties to hold their Rule 26(f) conference.  (Dkt. 20.)  The Order also set deadlines of July 27, 2020 for initial disclosures and August 3, 2020 for the filing of the joint status report and discovery plan.  (*Id*.)  The undersigned subsequently recommended plaintiffs' motion to remand be denied.  (Dkt. 28.)

After entry of the Court's Order setting initial deadlines, plaintiffs served Boeing with a copy of the same discovery requests, containing a federal court caption and accompanied by a letter proposing an answer within thirty days.  (Dkt. 26, Ex. C.)  Boeing again responded with a preliminary objection, noting any Rule 34 Requests for Production delivered prior to the Rule 26(f) conference are considered served as of the date of the conference.  (Dkt. 30 (Decl. of Harry H. Schneider, Jr.), Ex. B); *see also* Fed. R. Civ. P. 26(d)(2)(B).  Plaintiffs attest subsequent communications between the parties, including plaintiffs' proposal to narrow the early discovery requests, failed to resolve the dispute.  (*See* Dkt. 26, ¶¶7-9.)  On July 15, 2020, the Court denied plaintiffs' motion to remand.

## DISCUSSION

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any

ORDER RE: EARLY DISCOVERY
PAGE - 2

source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts in this jurisdiction require a moving party to demonstrate "good cause" exists to deviate from the standard pretrial schedule. *ZG TOP Technology Co. Ltd. v. Doe*, C19-0092-RAJ, 2019 WL 917418 at *1 (W.D. Wash. Feb. 25, 2019) (citing *Criminal Prods., Inc. v. Does 1-8*, C17-102-RAJ, 2017 WL 9478825 at *1 (W.D. Wash. Feb. 7, 2017); *Renaud v. Gillick*, C06-1304-RSL, 2007 WL 98465 at *2 (W.D. Wash. Jan. 8, 2007); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id*. (quoting *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, C14-621-RSM, 2014 WL 11010724 at *1 (W.D. Wash. July 18, 2014) (citing *Semitool*, 208 F.R.D. at 276)). Courts, for example, "routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *Id*. at *2 (citations omitted).

Factors commonly considered in assessing the existence of good cause include "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, C12-2082-JLR, 2013 WL 566949 at *10 (W.D. Wash. Feb. 13, 2013) (quoting *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)). The Court therefore considers these factors in relation to plaintiffs' request for early discovery.

///

A.      Pending Preliminary Injunction

There is no preliminary injunction pending in this matter. This factor does not favor a grant of expedited discovery. *See, e.g., id*. at 11 ("Although there are undoubtedly circumstances where granting a motion for expedited discovery in the absence of a motion for preliminary equitable relief is warranted, the absence of such a pending motion in this case undermines a finding of good cause.")

B.      Breadth of Discovery Request

Plaintiffs seek expedited discovery of "all documents" produced or relied upon by Boeing in responding to requests from governmental agencies in relation to the 737 MAX and specific flights/crashes. (Dkt. 26, ¶8 (describing offer to limit discovery requests to Nos. 1, 2, 3, 8 and 10).) They also seek "all documents and corresponding privilege log(s)" produced in "any litigation related to the development or operation of the 737 MAX[.]" (*Id*.)

Contrary to plaintiffs' contention, the discovery requests are neither narrow, nor carefully tailored. They are not limited to discovery of documents clearly and specifically related to the transactions at issue in this lawsuit. *See, e.g., King County v. Merrill Lynch & Co., Inc.*, No. C10-1156-RSM, 2011 WL 3438491 at *3 (W.D. Wash. Aug. 5, 2011) (rejecting "cloned discovery" of documents produced or received in other litigation or investigations given the court's inability to determine whether the documents requested actually related to the plaintiff's claims and defenses; finding: "Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.") (quoted and cited cases omitted). Plaintiffs, in fact, describe the documents requested as "potentially highly relevant" or "highly likely to be relevant" to their breach of contract, product liability, and extra contractual claims. (Dkt. 25 at 4; Dkt. 32 at 3.) Given that the previously

ORDER RE: EARLY DISCOVERY
PAGE - 4

produced 737 MAX-related discovery amounts to more than 1.5 million documents (Dkt. 31 (Decl. of Ulrike B. Connelly), ¶3), the mere potential for relevance argues against allowing expedited discovery. Plaintiffs also seek production prior to the receipt of any responsive pleading, assertion of defenses, or motions which could narrow the scope of plaintiffs' claims and the discovery relevant and proportional to the needs of this case.

Plaintiffs' attempts to downplay the breadth of the requested discovery fall short. They observe that Boeing remains free to object based on relevance. Yet, assuming both relevant and non-relevant documents would fall within the broad and sweeping requests, this argument undermines plaintiffs' contention that responding to the discovery requests would impose little burden on Boeing.[1] Moreover, neither plaintiffs' willingness to stipulate to a protective order, nor their concession many of the documents are already in the public domain minimize the scope of the discovery they seek. The Court, as such, finds the breadth of the requests to weigh against expediting discovery, and to favor discovery proceeding in accordance with a standard pre-trial schedule.

C.     <u>Purpose for Expedited Discovery</u>

Plaintiffs explain their request for early discovery as based on the desire to avoid further undue delays. They assert discovery would have already occurred had this matter remained in state court and point to the delay associated with their motion to remand. They foresee further

---

[1] Plaintiffs attach a copy of a decision from the District of New Jersey to show that courts have allowed early discovery of documents previously produced to government entities. (Dkt. 25 at 7-21 (attaching *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-MD-2687, Slip op. (D. N.J. July 5, 2016)).) However, while such early discovery may be found warranted, the decision relied upon by plaintiffs is distinguishable. For instance, defendants here maintain responding to the discovery requests would be burdensome. In the New Jersey case, no defendant had expressed "concerns regarding the size or scope" of the discovery "or, in fact, any issue <u>other</u> than the traditional timeframe for discovery," and one defendant "explicitly disclaimed" the production would impose a burden. (*Id*. at 8-9.)

ORDER RE: EARLY DISCOVERY
PAGE - 5

delay given Boeing's threat to file a partial motion to dismiss on the fraud and intentional misconduct claims. They suggest early discovery could lead to amendment of the complaint with specific factual details that would help the Court decide any such motion without the need for multiple amended pleadings.

Boeing timely and properly removed this matter to federal court based on diversity of citizenship. Thereafter, and in short order, the parties stipulated to postpone the filing of any motion to dismiss pending resolution of a motion to remand, plaintiffs moved to remand, and the Court set initial deadlines. (Dkt. 11, 17, 19-20.) These proceedings have not, in other words, been unduly delayed.

Nor would expedited discovery be warranted to provide for amendment of the pleading in anticipation of a motion to dismiss. *See, e.g., Fluke Elecs. Corp.*, 2013 WL 566949 at *12 ("[T]here is no pending hearing for which to prepare making expedited discovery necessary. Fluke's purpose—to discover the extent of the alleged harm—is not a legitimate basis for expedited discovery because it merely attempts to substitute expedited discovery for normal discovery.") (cited cases omitted). Indeed, plaintiffs clarify in their reply that they do not require early discovery to survive a motion under Federal Rules of Civil Procedure Rule 9(b) or 12(b). (Dkt. 32 at 5, n.1.) The asserted purposes thus do not support early discovery.

D.   <u>Burden on Defendants</u>

Plaintiffs assert production would involve "a literal push of a button" and, at most, the use of "powerful database sorting tools" to remove any inappropriate categories of documents. (Dkt. 32 at 5.) They indicate their willingness to agree to a protective order and shoulder any burden of managing the voluminous document production, and note that many of the documents are already in the public domain. Boeing asserts that responding to the discovery requests would require a re-

<60
<60
<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

<60

review of more than 1.5 million documents, as well as speculation as to relevance given the early stage of the proceedings.

The Court has no difficulty in concluding a production responsive to plaintiffs' expansive discovery requests would impose a significant burden on Boeing. It further finds no corresponding burden on plaintiffs in the obligation to adhere to this Court's scheduling orders and the Federal Rules of Civil Procedure. This appears particularly true in this case given plaintiffs' concession "most or all of [the] records [at issue] are already in the public domain[.]" (Dkt. 25 at 5.) Accordingly, the burden on defendants serves as an additional factor precluding a finding of good cause for expedited discovery.

E.      Time Before Scheduled Discovery

Plaintiffs first requested the discovery at issue two weeks after filing suit in state court and renewed the request a little over two weeks after this Court entered the Order setting initial court deadlines. The deadline for the parties to hold their Rule 26(f) conference only recently passed and the deadlines for both initial disclosures and Boeing's filing of an answer are less than two weeks from the date of this Order. (*See* Dkts. 11 & 20.) Under these circumstances, and given the factors discussed above, the Court finds an absence of good cause for expedited discovery. Instead, "the broad discovery [sought] 'should be pursued more properly within the structure afforded by a court-approved scheduling order.'" *Fluke Elecs. Corp.*, 2013 WL 566949 at *12 (quoting *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1072 (citation omitted)).[2]

---

[2] Plaintiffs include alternative requests in their reply, including ordering Boeing to (1) respond to the discovery requests no later than July 20, 2020, one week after the Rule 26(f) conference deadline; and (2) provide plaintiffs with information sufficient to identify legitimate relevance or burden objections in advance of the conference. (Dkt. 32.) However, the deadline for the Rule 26(f) conference has passed and the alternatives would not resolve the above-described problems in deviating from standard court deadlines. The Court, in any event, GRANTS defendants' request to strike these alternative arguments (Dkt. 35) given that they were presented for the first time in plaintiffs' reply. *See Eberle v. City of Anaheim*, 901 F.2d 814,

ORDER RE: EARLY DISCOVERY
PAGE - 7

## CONCLUSION

The Court, in sum, finds an absence of good cause to deviate from its standard pretrial scheduling practices. Plaintiffs' Motion for Order Directing Limited Early Discovery (Dkt. 25) is therefore DENIED.

DATED this 20th day of July, 2020.

Mary Alice Theiler
United States Magistrate Judge

---

818 (9th Cir. 1990) ("It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (citations and internal quotations omitted).