THE HONORABLE RICARDO S. MARTINEZ
THE HONORABLE MARY ALICE THEILER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILMINGTON TRUST COMPANY, as Owner Trustee, and F & L AVIATION IV, LLC, as Beneficial Owner of aircraft bearing manufacturer's serial number 61329, and

BRILLIANT AVIATION LIMITED, owner and operator of aircraft bearing manufacturer's serial number 62743,

Plaintiffs,

v.

THE BOEING COMPANY and BOEING COMMERCIAL AIRPLANES, a division of The Boeing Company,

Defendants.

No. 2:20-cv-00402-RSM-MAT

THE BOEING COMPANY'S MOTION FOR PROTECTIVE ORDER

Note on Motion Calendar:
August 14, 2020

## I.   INTRODUCTION AND BACKGROUND

Pursuant to Federal Rule of Civil Procedure 26 and the Court's inherent authority to control its docket, Defendant The Boeing Company ("Boeing") respectfully moves this Court for a protective order staying all discovery pending the Court's ruling on Boeing's Motion to Dismiss challenging Plaintiffs' non-contract claims. *See* Dkt. #41 ("Motion to Dismiss"). In the alternative, Boeing requests that this Court sequence discovery to allow tailored discovery now on the sole

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 1

92291963

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

breach of contract claim, which is not the subject of Boeing's Motion to Dismiss, while staying any additional discovery until after the resolution of that Motion.

This Court's wide discretion in controlling discovery includes the authority to enter a protective order staying discovery on a showing of good cause. *See Silbaugh* v. *Chao*, No. C17-1759RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) ("District courts have broad discretion to stay discovery on a showing of 'good cause'" under Rule 26(c).). Here, good cause exists for such a stay, as multiple courts in this district have held in similar circumstances. Boeing has raised significant challenges to the sufficiency of Plaintiffs' pleading of their non-contract claims, including challenges to the sufficiency of Plaintiffs' pleading of their fraud, material misrepresentation, and Washington Consumer Protection Act claims—all of which sound in fraud—under Federal Rule of Civil Procedure 9(b). Further, as Magistrate Judge Theiler noted in denying Plaintiffs' motion for early discovery, the discovery Plaintiffs are already seeking in this matter is "expansive" and would impose a "significant burden" on Boeing, and resolution of Boeing's Motion to Dismiss "could narrow the scope of plaintiffs' claims and the discovery relevant and proportional to the needs of this case." Dkt. #39 ("July 20 Order") at 4–5, 7. Accordingly, a protective order staying discovery would help "secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1.

Further, no prejudice would result from staying discovery until after Boeing's Motion to Dismiss is resolved. Boeing is already preserving 737 MAX-related documents, so Plaintiffs can obtain any discovery to which they are entitled after the Court rules on Boeing's motion. And any stay would be of limited duration, as the motion will be fully briefed by the end of August. *See United States* v. *Ctr. for Diagnostic Imaging, Inc.*, No. 2:05-cv-00058-RSL, 2010 WL 11682231, at *1 (W.D. Wash. Dec. 16, 2010) (staying discovery pending resolution of a motion to dismiss because "a delay of a few more months is unlikely to result in any significant loss of discovery material").

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

92291963

In the alternative, Boeing asks the Court to enter a protective order sequencing discovery in order to promote orderly and efficient case administration. Specifically, Boeing asks that the first stage of discovery be limited to Plaintiffs' breach of contract claim, which is not a subject of Boeing's Motion to Dismiss, with the balance of discovery to occur after the Court resolves that motion and the parties finalize their pleadings. Boeing further proposes that the first stage of discovery be limited to materials that are identifiable without searches of individual custodians' electronically stored information ("ESI"), with ESI discovery to occur on all claims after resolution of the Motion to Dismiss, so that one set of electronic search terms and protocols can be used for all discovery. This was the path chosen recently by a district court overseeing a similar customer case against Boeing. *See Timaero Ireland Limited* v. *The Boeing Company*, No. 19-cv-08234 (N.D. Ill.) (Dkt. #37).

## II.   ARGUMENT

This Court "has wide discretion in controlling discovery." *Little* v. *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Rule 26(c) of the Federal Rules of Civil Procedure empowers district courts to enter a protective order staying discovery for "good cause," including "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes the authority to stay discovery pending resolution of a dispositive motion. *See Simms* v. *Sinclair*, No. 3:19-cv-05323-RBL-JRC, 2019 WL 5862812, at *1 (W.D. Wash. Nov. 8, 2019) (noting that a stay is appropriate "where a pending dispositive motion is (1) potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought and (2) can be decided without additional discovery") (quotation marks omitted); *Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at *1–*2; *Igielski* v. *Riversource Life Ins. Co.*, No. 2:15-cv-00313-RAJ, 2015 WL 12025324, at *2 (W.D. Wash. May 22, 2015) ("In an appropriate case, it makes sense to delay discovery while a dispositive motion is pending."); *Heck* v. *Stern*, No. 3:06-cv-5030-RJB/KLS, 2006 WL 2222348, at *1 (W.D. Wash. Aug. 2, 2006) ("A court may relieve a party of the burdens of discovery while a dispositive motion is pending."); *see also Wood* v. *McEwen*, 644 F.2d 797,

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

92291963

801–02 (9th Cir. 1981) (affirming stay of discovery because there was a "real question" to resolve on the motion to dismiss and no risk of prejudice from the delay).

The circumstances here warrant the Court's exercise of its discretion to enter a protective order staying—or at the very least sequencing—discovery.

**A.     Good Cause Exists to Enter a Protective Order Staying Discovery Pending a Ruling on Boeing's Motion to Dismiss.**

There is good cause to enter a protective order temporarily staying discovery until Boeing's Motion to Dismiss is resolved. *See* Fed. R. Civ. P. 26(c); *Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at *1–*2; *Silbaugh*, 2018 WL 2317555, at *1. To begin with, a protective order would protect Boeing from the "significant burden" and expense of Plaintiffs' broad discovery requests, *see* July 20 Order at 7—burden and expense that would be unnecessary and avoidable if the Court grants Boeing's Motion to Dismiss. To date, Plaintiffs have served Boeing with two sets of discovery requests that include both requests for production and interrogatories, *see* Declaration of Harry H. Schneider, Jr. ("Schneider Decl."), Exs. A & B, amounting to 48 individual requests. These "expansive" requests—including sweeping requests for cloned discovery of all documents Boeing has produced in other legal proceedings—"are not limited to discovery of documents clearly and specifically related to the transactions at issue in this lawsuit." *See* July 20 Order at 4, 7. Indeed, despite the number and scope of these requests, virtually none of them even address the actual transactions between the parties. *See* Schneider Decl. Exs. A & B (attaching Plaintiffs' pending discovery requests). As Magistrate Judge Theiler concluded after reviewing the first set of requests for production, Plaintiffs' requests are "neither narrow, nor carefully tailored" to the allegations in the Complaint. July 20, 2020 Order at 4; *see also* Schneider Decl. Ex. A. Plaintiffs' second set of requests for production are even broader, more burdensome, and similarly unrelated to the actual transactions between the parties. *See* Schneider Decl. Ex. B. Boeing's Motion to Dismiss, if granted, would significantly narrow the scope of "discovery relevant and proportional

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 4

92291963

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to the needs of this case," rendering most of Plaintiffs' discovery requests moot. July 20 Order at 5.

Good cause also exists because the protective order Boeing seeks is limited and would not prejudice Plaintiffs in any way. *See Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at *1. First, the protective order would be lifted when the Court resolves Boeing's Motion to Dismiss; Boeing filed its motion on July 29, and briefing on the motion will be complete in August. Any delay is thus "unlikely to be protracted" given the briefing schedule. *Id.* Second, Boeing has in place litigation holds and document-storage redundancies covering the sought-after documents. *See id.*; *see also* Dkt. #29 at 9; Dkt. #31 ¶¶ 2–5. And third, a stay would preserve judicial resources (and the parties' resources) "because the Court will not be required to address potential motions related to discovery issues that may become moot." *Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at *2.

A protective order staying discovery is particularly warranted here because Boeing has moved to dismiss claims that are subject to the heightened pleading standard in Federal Rule of Civil Procedure 9(b), which "weighs in favor of granting the stay." *Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at *2. As the Ninth Circuit has repeatedly explained, "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

Here, Boeing has moved to dismiss Plaintiffs' fraud, misrepresentation, and consumer protection claims, all of which "sound[] in fraud or mistake." *Becerra* v. *Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019); Motion to Dismiss at 7–8.[1] As Boeing explains in its

---

[1] Boeing has also moved to dismiss Plaintiffs' fifth claim under the Washington Product Liability Act ("WPLA"). As Boeing explains in its Motion, Plaintiffs allege only economic damages—which the WPLA does not permit—and they do not qualify for the narrow, judge-made exception to the statute's bar on recovery for economic harm. *See* Motion to Dismiss at 22–24.

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 5

92291963

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Motion to Dismiss, Plaintiffs' allegations fall well short of Rule 9(b)'s particularity requirement.[2] *See* Motion to Dismiss at 9–13, 18–19. Boeing will not rehash the entirety of its Motion to Dismiss here, but it will raise two general points that are discussed in detail in that filing. First, the Complaint fails to satisfy Rule 9(b)'s requirement that a complaint "match allegedly fraudulent statements to particular Plaintiffs and explain how each Plaintiff relied on that statement and suffered damages"—instead, it levies a single, generic set of allegations on behalf of multiple Plaintiffs who made distinct purchases years apart. *Bisson* v. *Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1137 (W.D. Wash. 2013); Motion to Dismiss at 9–10. And second, the Complaint fails to provide factual allegations for the requisite "who, what, when, where, and how" of any specific fraudulent statement or misrepresentation, or to adequately allege reliance. *See, e.g.*, *Vess* v. *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (omissions); *Jones* v. *Medtronic, Inc.*, 745 F. App'x 714, 717 (9th Cir. 2018); Motion to Dismiss at 7, 10–13, 18–19. These flaws are fatal under Rule 9(b) and relevant case law.

These significant challenges to the sufficiency of Plaintiffs' pleadings warrant a protective order staying discovery, as the granting of Boeing's Motion to Dismiss would substantially narrow the issues and streamline any subsequent discovery. *See Ctr. For Diagnostic Imaging*, 2010 WL 11682231, at *2 (granting stay where "defendants have raised at least a colorable claim that the relators have failed to meet Rule 9's pleading standards"); *Bosh* v. *United States*, No. 3:19-cv-05616-BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019) (concluding that "a stay would advance the efficiency for the Court and the litigants by avoiding the burden of discovery costs" until the motion to dismiss is resolved); July 20 Order at 5 (noting that Boeing's responsive pleading or motion, when filed, could "narrow the scope of plaintiffs' claims and the discovery relevant and proportional to the needs of this case"). The Court should enter a protective order

---

[2] Boeing's Motion to Dismiss also seeks dismissal of Plaintiffs' fraud, material misrepresentation of fact, and Washington Consumer Protection Act ("WCPA") claims on other grounds. First, Boeing shows that the fraud and material misrepresentation of fact claims fail to satisfy Rule 8(a)'s plausibility requirement. *See* Motion to Dismiss at 13–17. Second, Boeing shows that Plaintiffs cannot state a claim under the WCPA because purchasers of multimillion-dollar corporate jets do not fall within the "public interest" protected by the WCPA. *See id.* at 19–24.

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 6

92291963

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

staying discovery given that Plaintiffs have failed to "plead a legally sufficient complaint." *Hascoet ex rel. United States* v. *Morpho S.A.*, 770 F. App'x 808, 809 (9th Cir. 2019) (concluding that the court "did not abuse its discretion by staying discovery until Relators could plead a legally sufficient complaint" that satisfied Rule 9(b)'s pleading requirements).

In sum, Boeing's Motion to Dismiss, if granted, will narrow the issues, focus any subsequent discovery, and conserve the resources of the parties and the Court. The Court should exercise its discretion and enter a protective order staying discovery until that motion is resolved.

**B.     In the Alternative, the Court Should Issue a Protective Order Sequencing Discovery.**

If the Court is not inclined to enter a protective order that stays discovery in full, Boeing asks that the Court exercise its discretion to enter a protective order that sequences discovery into two stages, with the first stage to proceed now and the second stage to commence after resolution of Boeing's Motion to Dismiss. *See Little*, 863 F.2d at 685. The first stage would permit limited discovery into Plaintiffs' breach of contract claim, and the second stage would cover the remainder of discovery on the breach of contract claim, as well as on any other claims that remain after the motion to dismiss is resolved. Under this proposed approach, the first stage of discovery would be limited to materials that are identifiable without searches of individual custodians' electronically stored information ("ESI"), with ESI discovery to occur on all claims after resolution of the Motion to Dismiss, so that one set of electronic search terms and protocols can be used for all discovery. Sequencing discovery in this manner would promote "the just, speedy, and inexpensive determination" of this case by avoiding wasteful discovery that could be obviated by the Court's resolution of the Motion to Dismiss. Fed. R. Civ. P. 1; *Dietz* v. *Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). This was the path chosen recently by a district court overseeing a similar customer case against Boeing. *See Timaero Ireland Limited* v. *The Boeing Company*, No. 19-cv-08234 (N.D. Ill.) (Dkt. #37); *see also*

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 7

92291963

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Schneider Decl., Ex. C (Transcript of February 10, 2020, Proceedings in *Timaero Ireland Limited v. The Boeing Company*, No. 19-cv-08234 (N.D. Ill.)).

C. **Attorney Certification Pursuant to LCR 26(c).**

Pursuant to Federal Rule of Civil Procedure 26(c) and LCR 26(c), counsel for Boeing certifies that he conferred in good faith and was unable to reach an accord with Plaintiffs' counsel concerning the motion for protective order staying or sequencing discovery. This conference took place via WebEx at 10:30 a.m. on August 5, 2020, and was attended by Harry H. Schneider, Jr., Eric J. Weiss, and Laura C. Hill of Perkins Coie LLP on behalf of Boeing and Callie A. Castillo and Joseph D. Adamson of Lane Powell PC on behalf of Plaintiffs.[3]

### III.   CONCLUSION

For the reasons set forth above, Boeing respectfully requests that the Court enter a protective order staying discovery until it issues a decision on Boeing's Motion to Dismiss. In the alternative, Boeing respectfully requests that the Court enter a protective order sequencing discovery by allowing limited discovery into Plaintiffs' breach of contract claim but deferring other discovery until the Court rules on Boeing's Motion to Dismiss.

---

[3] The parties also met and conferred about this issue via telephone at 10:00 a.m. on July 17, 2020. The conference was attended by Harry H. Schneider, Jr. and Eric J. Weiss of Perkins Coie LLP on behalf of Boeing and David Schoeggl of Lane Powell PC on behalf of Plaintiffs.

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 8

92291963

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| | | |
|---|---|---|
| 1 | DATED this 5th day of August 2020. | *s/ Harry H. Schneider, Jr.* |

Harry H. Schneider, Jr., WSBA No. 9404
Eric B. Wolff, WSBA No. 43047
Eric J. Weiss, WSBA No. 44807
Gregory F. Miller WSBA No. 56466
Laura C. Hill, WSBA No. 49229

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: HSchneider@perkinscoie.com
E-mail: EWolff@perkinscoie.com
E-mail: EWeiss@perkinscoie.com
E-mail: GMiller@perkinscoie.com
E-mail: LHill@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:20-cv-00402-RSM-MAT) – 9

92291963

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000