UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMINGTON TRUST COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, et al.,<br><br>Defendants. | CASE NO. C20-0402-RSM-MAT<br><br>ORDER RE: THE BOEING COMPANY'S MOTION FOR PROTECTIVE ORDER |

INTRODUCTION

Plaintiffs Wilmington Trust Company, F & L Aviation IV, LLC, and Brilliant Aviation Limited raise claims in this lawsuit associated with their allegation defendant The Boeing Company ("Boeing") sold them defective 737 MAX aircraft. (*See* Dkt. 1-2.) Now pending before the Court is Boeing's Motion for Protective Order. (Dkt. 43.) Boeing seeks a stay on all discovery until the Court resolves its pending motion to dismiss plaintiffs' non-contractual claims (*see* Dkt. 41). In the alternative, Boeing requests that the Court allow only discovery into plaintiffs' breach of contract claim and stay additional discovery until the Court resolves the motion to dismiss. Plaintiffs oppose the motion, including both the request for a stay and the alternative proposal.

ORDER RE: PROTECTIVE ORDER
PAGE - 1

(Dkt. 50.) The Court herein DENIES the request for a stay, but GRANTS the request for alternative relief as set forth below.

## BACKGROUND

The Court previously denied plaintiffs' request for early discovery, finding an absence of good cause to deviate from the Court's standard pretrial scheduling practices, and observing that "a production responsive to plaintiffs' expansive discovery requests would impose a significant burden on Boeing." (Dkt. 39 at 7-8.) Shortly thereafter, Boeing filed its Motion to Dismiss, seeking dismissal of plaintiffs' fraud, material misrepresentation, Washington Consumer Protection Act, and Washington Product Liability Act claims and leaving only plaintiffs' breach of contract claim in dispute. (Dkt. 41.) A week later, Boeing filed the current motion, seeking a stay of discovery pending resolution of its motion to dismiss. (Dkt. 43.)

The motion for a protective order is directed towards plaintiffs' two outstanding sets of written discovery. (*See* Dkt. 50 at 3.) Responses to the first set of discovery requests were due on August 10, 2020, while responses to the second set were due on August 21, 2020. (*Id.*; Dkt. 46 at 7-8.) Both the motion to dismiss and the motion for a protective order are now ripe for consideration, having noted on August 21, 2020. (*See* Dkts. 41 & 45.)

## DISCUSSION

Under Federal Rule of Civil Procedure 26(c), the court may limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26 (c)(1); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Court has broad discretion to control discovery and its decision is subject to review only for clear abuse of discretion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). That discretion includes a decision to relieve a party of the burdens of discovery while a dispositive motion is

pending. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

The Court must construe and administer the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A party seeking to stay discovery bears a "heavy burden" to make a "strong showing" of why discovery should be denied. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (internal quotation marks and quoted sources omitted). Neither the mere existence of a potentially dispositive motion, nor mere inconvenience and expense suffice to establish good cause for a stay. *See, e.g., Rosario v. Starbucks Corp.*, C16-1951-RAJ, 2017 WL 4122569 at *1 (W.D. Wash. Sep. 18, 2017) (finding a failure to show good cause in the argument a stay would "free the parties from the burden and expense of unnecessary discovery" without any other reason for a delay). The decision to relieve a party from the burdens of discovery while a dispositive motion is pending "is the exception and not the rule." *Northwest Immigrant Rights Project v. Sessions*, C17-0716-RAJ, 2017 WL 11428870 at *1 (W.D. Wash. Sep. 18, 2017) (stay not warranted where order on preliminary injunction revealed the possibility at least some claims had the potential to succeed). A party "must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601-02 (D. Nev. 2011) (citation omitted).

Balancing concerns of delay in the proceedings and prejudice to the party opposing a dispositive motion, with the savings in time and costs where such a motion would obviate the need for discovery, courts often consider two factors in deciding whether to issue a stay: "(1) whether the pending motion could dispose of the entire case, and (2) whether the motion can be decided without additional discovery." *Travelers Property Casualty Company of America v. H.D. Fowler Company*, C19-1050-JCC, 2020 WL 832888 at *1 (W.D. Wash. Feb. 2, 2020) (staying discovery

where both factors were satisfied) (citations omitted). *See also Simms v. Sinclair*, C19-5323, 2019 WL 5862812-RBL-JRC at *1 (W.D. Wash. Nov. 8, 2019) (granting stay where judgment on the pleadings, including the asserted shield of qualified immunity, would dispose of case and stay would not prejudice plaintiff given need to address the motion on its face) (citing *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (considering whether "a pending dispositive motion is (1) potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery.")) Assessment of these factors entails a "'preliminary peek'" at the pending motion to dismiss. *Travelers Property Casualty Company of America*, 2020 WL 832888 at *1 (quoting *Tradebay*, 278 F.R.D. at 603).

Here, the pending motion to dismiss can be decided without additional discovery, but will not be dispositive of this case. The fact that this matter will necessarily proceed on plaintiffs' breach of contract claim even with a ruling favorable to Boeing on the motion to dismiss argues against issuing a stay. This is not, moreover, an instance in which a preliminary peek at the pending motion to dismiss supports a contrary conclusion. *Cf. Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (trial court did not err in granting a protective order staying discovery pending a motion to dismiss when it was convinced plaintiff would be unable to state a claim).[1] A thorough analysis of the parties' arguments in relation to the motion to dismiss is necessary, as well as a

---

[1] Boeing argues a stay is particularly warranted in this case because it moves to dismiss several claims subject to the heightened pleading standard in Federal Rule of Civil Procedure 9(b), which "weighs in favor of granting the stay." *United States v. Ctr. for Diagnostic Imaging, Inc.*, C05-0058-RSL, 2010 WL 11682231 at *1-2 (W.D. Wash. Dec. 16, 2010). As plaintiffs observe, the case relied on in support of that proposition is distinguishable. Among other factors, the decision addressed a stay on third-party discovery, in a case that had been pending for five years and in which defendants showed discovery by the third party could cause them additional competitive harm they were unlikely to fully regain even with later success on a motion to dismiss. *Id.*

ORDER RE: PROTECTIVE ORDER
PAGE - 4

determination by the assigned district judge following consideration of a report and recommendation by the undersigned. *See Tradebay*, 278 F.R.D. at 603 ("[T]aking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's 'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome."; finding the Court's role properly directed towards determining "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.") (internal citation omitted); *accord Bosh v. United States*, C19-5616-BHS-TLF, 2019 WL 5684162 at *1 (W.D. Wash. Nov. 1, 2019).

Nor is it entirely clear how a dismissal of the non-contractual claims would impact plaintiffs' requests for discovery. Plaintiffs maintain the continuing relevance of all of its discovery requests to its breach of contract claim, while Boeing appears to assert only documents directly related to the contracts between the parties would be subject to discovery. The actual impact on the discovery requests would likely fall somewhere between these contentions. In either event, a mere narrowing of discovery to save the parties time and expense does not suffice to warrant a complete stay. The Court, for this reason and for the reasons stated above, finds an absence of good cause shown for Boeing's request to stay discovery pending a ruling on the motion to dismiss.

The Court does, however, find some relief from discovery warranted. As previously observed, the discovery requests at issue are "broad and sweeping" and a response will impose a significant burden on Boeing. (Dkt. 39 at 4-7.) For example, the first set of discovery requests

seeks production of documents produced in other litigation and government investigations relating to the 737 MAX and would entail review of some 1.5 million documents, many of which plaintiffs concede are already in the public domain. (*Id.*) Should Boeing succeed in dismissing all but the non-contractual claims, a significant reduction in the materials properly subject to discovery appears likely. Also, should Boeing not prevail, any additional delay in the resumption of full discovery is not likely to be significant because the motion to dismiss has been fully briefed and is ripe for consideration. Because it is clear the parties disagree on the proper scope of discovery, a partial stay will serve to preserve judicial resources to allow for consideration of the dispositive motion without the need to address discovery disputes. Finally, there do not appear to be any concerns regarding document preservation given Boeing's existing "litigation holds and document-storage redundancies" covering the documents at issue. (*See* Dkt. 43 at 5 & Dkt. 31, ¶¶2-5.)

Boeing requests, in the alternative to a stay, entry of a protective order sequencing discovery. Specifically, Boeing asks the Court to limit the first stage of discovery to plaintiffs' breach of contract claim and to stay all remaining discovery pending a ruling on the motion to dismiss. Boeing further proposes limiting the first stage of discovery to materials identifiable without searches of individual custodians' electronically stored information ("ESI"), and delaying such ESI discovery until after resolution of the motion to dismiss to allow for the use of one set of electronic search terms and protocols for all discovery.[2] Boeing clarifies in its reply that this

---

[2] Boeing points to *Timaero Ireland Limited v. The Boeing Company*, No. 19-cv-8234 (N.D. Ill.) (Dkt. 37), as a similar case in which a court chose this alternative path. (*See* Dkt. 44, Ex. C (attaching transcript of proceedings).) In that case, prior to the parties' exchange of initial disclosures under Rule 26(a)(1), the district judge limited the parties to written discovery on a breach of contract claim pending rulings on Boeing's motion to dismiss all other claims and/or its motion to transfer the case to this Court pursuant to 28 U.S.C. § 1404(a) (change of venue). *Timaero Ireland Limited*, 19-cv-8234 (Dkts. 37-38).

proposal does not preclude discovery of all ESI and, instead, provides for the production of both hard-copy and electronic documents relevant to the breach of contract claim, while excluding production of ESI requiring keyword search of individual custodians' electronic files.

The Court finds this alternative proposal a reasonable compromise and to adequately address both the concerns of the parties and the Court. However, in effectuating this sequenced discovery, Boeing is advised to provide for a more generous reading of the relevance of plaintiffs' discovery requests to the breach of contract claim than that reflected in the briefing on the motion to stay. *See generally* Fed. R. Civ. P. 26(b)(1) (providing for discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case). The Court anticipates the parties will promptly meet and confer and reach an agreement as to the proper scope of this sequenced discovery without any need for Court intervention.

## CONCLUSION

In sum, while Boeing fails to demonstrate good cause for a stay of all discovery, the Court finds some relief from discovery warranted pending a ruling on Boeing's motion to dismiss. Boeing's Motion for Protective Order (Dkt. 43) is therefore GRANTED in part and DENIED in part. The parties shall limit discovery to plaintiffs' breach of contract claim and to materials identifiable without searches of individual custodians' ESI, and remaining discovery is herein STAYED pending a ruling on the motion to dismiss.

DATED this 14th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge