UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMINGTON TRUST COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, et al.,<br><br>Defendants. | CASE NO. C20-402 RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT FOLLOWING COURT'S RULING ON MOTION TO DISMISS |

### I. INTRODUCTION

This matter is before the Court on Plaintiffs'[1] Motion to Amend Complaint Following Court's Ruling on Motion to Dismiss. Dkt. #73. On February 26, 2021, the Court partially adopted the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, and dismissed Plaintiffs' claims under the Washington Consumer Protection Act ("WCPA") and the Washington Product Liability Act ("WPLA"). Dkt. #70. Plaintiffs now seek leave to amend their complaint to add further allegations in support of their

---

[1] Plaintiffs are the Wilmington Trust Company, as Owner Trustee, and F & L Aviation IV, LLC, as Beneficial Owner of aircraft bearing manufacturer's serial number 61329, and Brilliant Aviation Limited, owner and operator of aircraft bearing manufacturer's serial number 62743.

ORDER – 1

WPLA claims and to make additional alterations to their complaint.[2] *See generally* Dkt. #73 (Plaintiffs' Motion); Dkt. #73-1 (Plaintiffs' proposed First Amended Complaint). Defendant maintains that the amendments are barred by the Court's scheduling order, that Plaintiffs have not been diligent in seeking amendment, and that the amendments are futile. *See generally* Dkt. #75. For the following reasons, the Court grants Plaintiffs' motion.

## II. BACKGROUND

Plaintiffs initiated this action in state court on February 13, 2020, Dkt. #1-2, and Defendant removed the action to this Court. Dkt. #1. Plaintiffs sought to have the matter remanded to state court, but the Court denied Plaintiffs' request on July 15, 2020. Dkt. #38. Shortly thereafter, on July 29, 2020, Defendant sought dismissal of Plaintiffs' non-contract claims. Dkt. #41. While the motion to dismiss was pending, the Court issued an Order Setting Trial Date and Related Dates and set a September 10, 2020 deadline for the amendment of pleadings. Dkt. #47. On November 4, 2020—already past the Court's deadline—, Judge Theiler issued an R&R that both parties objected to. Dkts. #57 (R&R), #59 (Plaintiffs' Objections), and #60 (Defendant's Objections). On February 26, 2021, the Court ruled on the parties' objections, dismissing Plaintiffs' claims under the WCPA and WPLA. Dkt. #70.

Following dismissal, and on the stipulation of the parties, the Court extended Defendant's time to answer the complaint until April 23, 2021. Dkt. #72. Prior to that date, Plaintiffs filed their motion seeking leave to amend their complaint. Dkt. #73. In light of the Plaintiffs' motion for leave to amend, the parties again requested a continuance of the date for Defendant's answer.

---

[2] Plaintiffs "seek leave to amend in order to make clear that they do contend the 737 MAX was rendered inherently dangerous by Boeing's inclusion of the Maneuvering Characteristics Augmentation System ('MCAS') and other design features" and also to allege that they were exposed to the risks of the inherently dangerous product. Dkt. #73 at 2. Additionally, Plaintiffs seek leave to add factual allegations that have come to light since the complaint was first drafted. *Id.*

ORDER – 2

Dkt. #78. The Court again granted the request, conditioning the deadline on the Court's resolution of Plaintiffs' motion. Dkt. #80. If Plaintiffs' motion is granted, Defendant will answer Plaintiffs' Amended Complaint as provided under the applicable rules. *Id.* If Plaintiffs' motion is denied, Defendant will answer Plaintiffs' Complaint within fourteen (14) days of the Court's order. *Id.*

### III. DISCUSSION

As an initial matter, the parties dispute the appropriate standard by which the Court should judge Plaintiffs' motion. The Court first notes that Plaintiffs, in opposing Defendant's motion to dismiss, did seek leave to amend their claims should Defendant's motion to dismiss be granted. Dkt. #49-1 at 18 n.6 ("Of course, if the Court were to grant [Defendant's] motion based on a lack of specificity as to any element, Plaintiffs should be given leave to amend their Complaint.") (citing *Goodman v. HTC Am., Inc.*, Case No. 11-cv-1793-MJP, 2012 WL 2412070, at *16 (W.D. Wash. June 26, 2012); *In re Nexus 69 Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 960 (N.D. Cal. 2018)). Plaintiffs' request was not addressed in Judge Theiler's R&R recommending dismissal and the R&R does not recommend whether Plaintiffs' claims should be dismissed with or without prejudice. Dkt. #57. Similarly, the parties' objections and responses are silent on the matter of whether leave to amend should be granted or whether Plaintiffs' claims should be dismissed with prejudice. Dkts. #59, #60, #63, and #64.

The absence of argument and analysis addressing whether Plaintiffs' claims were dismissed with or without prejudice and whether amendment would be futile cuts in favor of permitting Plaintiffs' requested amendments here. As Plaintiff notes, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the

ORDER – 3

complaint could not be saved by amendment." Dkt. #79[3] at 2 (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (additional citations omitted). Accordingly, Plaintiffs argue simply that the Court erred in not addressing amendment of Plaintiffs' dismissed claims as a matter of course and should grant leave to amend now. Dkt. #73 at 4 ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted)). Alternatively, Plaintiffs argue that their first request to amend their complaint, immediately following dismissal, should be considered under Rule 15's "extreme liberality" standard. *Id.* at 4–5 (citing FED. R. CIV. P. 15(a)).

Defendant, on the other hand, argues that the Court's deadline for amendment of pleadings has passed and that Plaintiffs must therefore demonstrate "good cause" justifying their request prior to the Court's consideration of the proposed amendments. Dkt. #75 at 7 (citing FED. R. CIV. P. 16(b)(4)). In the present posture of the case, the Court agrees that it should first consider whether good cause supports a departure from the Court's scheduling order under Rule 16 and then consider the propriety of Plaintiffs' proposed amendments under Rule 15. *See Rain Gutter Pros, LLC v. MGP Mfg., LLC*, Case No. 14-cv-458 RSM, 2015 WL 6030678, at *1 (W.D. Wash. Oct. 15, 2015) (following this roadmap). But the Court finds the exercise largely irrelevant as the Court finds amendment appropriate regardless of the standard applied.

//

//

---

[3] The Court notes that Plaintiffs' reply brief exceeds the number of pages permitted under this Court's local rules. *See* LOCAL RULES W.D. WASH. LCR 7(e)(4) ("All other motions noted under LCR 7(d)(3) and briefs in opposition shall not exceed twelve pages. Reply briefs shall not exceed six pages.").

ORDER – 4

### A. Good Cause Supports Granting Leave to Amend

Considering Plaintiffs' motion first under Rule 16's "good cause" standard, the Court finds good cause to depart from the case schedule and allow amendment. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013). Here, Plaintiffs acted diligently in seeking leave to amend.

Plaintiffs defended the sufficiency of their claims as initially alleged. Before the Court dismissed Plaintiffs' WPLA claims, Plaintiffs could only speculate as to whether the Court would find their complaint insufficient and what allegations they may need to add or amend. At least for Plaintiffs' allegations addressing the deficiencies of their complaint,[4] this is the relevant date from which their diligence should be judged.

From this starting point, the Court does not find that the approximately five-week delay between the Court's order dismissing claims and Plaintiffs' motion for leave to amend their complaint demonstrates that Plaintiffs did not act diligently. A five-week period to digest the Court's order, reconsider Plaintiffs' claims, consider allegations to cure the claims' deficiencies,

---

[4] Defendant argues that Plaintiff lacks good cause for separate "categories" of amendment. However, it is not clear to the Court that categories of proposed amendments should be treated separately. These considerations are more appropriate under the Rule 15 analysis. Whether good cause exists to depart from the Court's scheduling order does not turn on whether good cause exists for each of the amendments proposed by Plaintiffs.

Even if it did, the Court would find good cause as to the amendments related to Defendant's deferred prosecution agreement with the United States Department of Justice. That agreement occurred after all of the briefing related to Defendant's motion to dismiss. Defendant points out that the amendments may not be necessary because Plaintiffs would be permitted to rely on facts discovered in the course of discovery whether included in the complaint or not. Dkt. #75 at 10. But the Court is satisfied by Plaintiffs' arguments that these amendments do not just add additional factual detail, but "allege critical facts not available before publication of these reports." Dkt. #79 at 5–6.

ORDER – 5

and seek leave to amend does not strike the Court as a clear failure to act diligently. This is especially true because, while this case has been pending for more than a year, the case has not proceeded past the pleading stage. Defendant has not answered the complaint and the parties have engaged in little discovery.

The Court is not persuaded by Defendant's argument that Plaintiffs should be penalized for a "strategic decision" to plead that their aircrafts have never been flown, all the time knowing and waiting until now to allege that the plans were flown after delivery. *See* Dkt. #75 at 9–11. Plaintiffs did not specifically plead that they had never flown their planes. Rather, the conclusion was inferred from the wording of the complaint's allegations. This is not to say that the Court disagrees with Defendant's assertion that Plaintiffs should have clarified the matter for the Court in its earlier objections to the R&R. But the Court does not find that Plaintiffs should be precluded from making further allegations which are not inconsistent with the complaint and which address the deficiencies identified in the Court's prior order. As Plaintiffs note, "the WPLA legal issues discussed by the Court in its February 26, 2021 order were novel and the facts surrounding the 737 MAX were unprecedented." Dkt. #79 at 5.

**B. Amendment is Appropriate Under Rule 15**

Similarly, the Court finds amendment appropriate under Rule 15(a). Under the rule, leave to amend is to "be freely given when justice so requires." FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (quotation omitted). The party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988). Amendment may be unwarranted "due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and]

ORDER – 6

futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Defendant, despite its well-crafted and persuasive arguments related to delay, does not carry its burden. Again, the Court does not find that Plaintiffs have unduly delayed or that amendment would unduly delay these proceedings as they have timely sought to add allegations in support of their WPLA claims after the Court dismissed them. Similarly, the Court finds the amendments related Defendant's deferred prosecution agreement with the United States Department of Justice appropriate as that agreement was reached after all of the briefing related to Defendant's motion to dismiss. The same cannot be said for Plaintiffs' amendments "involve[ing] clarifications and minor cosmetic changes." Dkt. #73 at 7. Those, as Defendant notes, could have been made at previous junctures.[5] Dkt. #75 at 11. But Defendant does not demonstrate that it will be prejudiced by Plaintiff now making those changes in addition to the others permitted by the Court.

Beyond delay, Defendant does not argue, and the Court does not find, that Plaintiffs exhibited bad faith or harbored a dilatory motive. Plaintiffs have not previously amended their complaint. And lastly, the Court does not agree with Defendant that amendment is futile. Rather, the Court leaves the substantive merits for later proceedings on a fuller record. *See Broadcom Corp. v. NXP Semiconductors N.V.*, No. 8:13-CV-0829-MRP-MANx, 2014 WL 12577095, at *3

---

[5] Plaintiffs largely concede the issue, deferring to the Court's judgment. Dkt. #79 at 7.

ORDER – 7

n.1 (C.D. Cal. Mar. 12, 2014) ("Because Rule 15(a) reflects a 'strong policy . . . to facilitate a proper disposition on the merits,' motions to opposed [sic] proposed pleadings are better brought as motions to dismiss after the filing of the complaint.") (quoting *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

## IV. CONCLUSION

Accordingly, and having considered Plaintiffs' motion, the parties' briefing and supporting submissions, and the remainder of the record, the Court finds and ORDERS: Plaintiffs' Motion to Amend Complaint Following Court's Ruling on Motion to Dismiss (Dkt. #73) is GRANTED. Plaintiffs shall file and serve their First Amended Complaint within fourteen (14) days of this Order. Defendant shall respond as provided under the applicable rules.

Dated this 17th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE